UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00476-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| JASEN LYNN DUSHANE, | |
| Defendant. | |

On February 26, 2013, the court, after conducting a Faretta hearing, permitted Defendant Jasen Lynn Dushane ("Defendant") to proceed in propia persona. This matter is before the court on Defendant's proposed order to proceed in propia persona. Since Defendant has already been permitted to proceed in propia persona, his instant request for same is moot.

However, Defendant has requested privileges in connection with his in propria persona status while he remains in the custody of the United States Marshal at the Sacramento County Main Jail. The Federal Defender's Office has been appointed stand-by counsel for Defendant. The Sacramento County Sheriff shall provide Defendant the following privileges in connection with his in propria persona status:

1. Defendant shall be provided a place to prepare the defense of his case, which affords him adequate storage space and lighting for his legal materials. Defendant's cell may be used for

this purpose; however, materials exceeding jail fire safety limitations may be stored elsewhere in the facility. (Defendant is cautioned that legal material should be readily identifiable as such and kept completely separate from other property in his cell.)

2. Defendant shall be permitted to have available to him in the jail a writing instrument, as approved by the Sheriff, paper and regular manila folders. These items shall be furnished at the County's expense.  However, if Defendant has a balance in his trust account that exceeds the normal amount allowable by the Sheriff for expenditures during the week, such funds shall be used to purchase stationary supplies, regardless of his indigence.

3. Defendant is authorized to receive in paperback form the following items: legal journals, law reviews, and other legal documents delivered to him by mail or otherwise at the Sacramento County Jail.

4. Defendant shall be authorized the use of legal research materials. The Sheriff may in his discretion either allow Defendant the use of the law library for at least five hours per week or provide to Defendant legal research materials in his cell. Defendant shall be limited to copies of five cases per week and five code sections per week. Upon submission by Defendant of a list of legal research materials by 8:00 a.m. of a business day, the Sheriff will be obliged to obtain and deliver these materials to Defendant by 5:00 p.m. on the next business day.

The Sheriff is to maintain a log as to the legal materials requested and those that are delivered to Defendant, including the date and time they are requested, the date and time they are delivered, and the date and time they are returned by Defendant to the Sheriff.

5. Defendant shall have the use of a telephone in connection with the preparation of his case. Such use is restricted to phone calls to his court-appointed standby counsel. In that regard, the Sheriff will allow Defendant one telephone call per day at a time convenient to the Sheriff. Each telephone call shall not exceed fifteen minutes. Defendant shall notify the Sheriff that he intends to make a legal phone call so that it can be logged in the appropriate book. The Sheriff is to log the giving of these calls, and may include the number called. All of these calls shall be collect calls; the call may not be completed unless the person called agrees to accept the charges.

6. Defendant shall be allowed to have visits by his court-appointed

standby counsel's investigator. These visits shall be scheduled and conducted in accord with policies and procedures of the jail. All documents must be transmitted by standby counsel or standby counsel's investigator. No other person may act as Defendant's "runner".

7. Defendant shall be allowed to have visits by not more than two prospective witnesses per week. Such visits shall be between the hours of 6:00 p.m. and 9:00 p.m., Monday through Friday. Only persons designated as prospective witnesses in this case will be permitted visitation during this period of time. Social visits will not be permitted under the guise of visits as witnesses.

8. Defendant will be given unlimited legal mail privileges for matters pertaining to his case. Sealing of legal mail will be done in the presence of a party as approved by the Sheriff. Postage will be provided by the County.

9. Defendant shall be entitled to subpoena witnesses according to federal court rules for in propria persona defendants. On Defendant's request, subpoena forms will be furnished to Defendant by the United States District Court Clerk. On Defendant's request, the subpoena will be served by the United States Marshal's Office.

10. The Sheriff is authorized, upon good case, to suspend any and all of the above-ordered privileges. The Sheriff shall immediately advise Defendant of any such suspension of privileges. A suspension in any degree shall immediately be reported to the court so that a hearing may be held thereon forthwith to avoid any delay in the trial of this case.

11. Should Defendant be transferred to another facility of the Sheriff's Department while this case is pending, the provisions of this Order shall remain in effect at the subsequent facility.

12. This Order shall expire when Defendant's criminal case is concluded by either a dismissal or sentence.  The United States Marshal is directed to serve a copy of this Order on the Sacramento County Main Jail.

Dated: June 13, 2013

_____
Troy L. Nunley
United States District Judge