UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-CR-476-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| JASEN LYNN DU SHANE, | |
| Defendant. | |

Defendant Jasen Lynn Du Shane ("Defendant") has moved this Court, pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). Specifically, Defendant requests the Court to order Plaintiff United States of America ("the Government") to provide him with "all exculpatory and impeachment materials contained in the personnel files of its investigators, law enforcement officers, and agents [that] it intends to have testify at trial," pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). (*Henthorn* Motion, ECF No. 121 at 1.) Specifically, Defendant requests the Government provide defense with:

> 1. Any portion of the personnel record indicating or demonstrating citizen complaints against the named officers or agents on the grounds of falsification of evidence;
>
> 2. Reports of citizen complaints pertinent to the filing, or issuance of a false report;
>
> 3. Citizen complaints of allegations of perjury in administrative hearings, in courtroom testimony, and/or in the swearing of

1

affidavits, declarations, or warrants, including the giving of perjurious testimony, in proceedings related any the internal investigation conducted by the officer or agent's agency;

4. Any reports or administrative actions taken against the officer or agent on the basis of breaches of duty, violations of departmental or agency rules and regulations, including but not limited to any incidents covered above;

5. Any judicial findings, including findings of fact, findings made as part of civil or criminal litigation, or findings made in orders transmitted to the officer's or agent's department or agency pertinent to the type of misconduct or unprofessional conduct covered above.

(ECF No. 121 at 2.)  In its opposition, the Government acknowledges that under *Henthorn* the government has a duty, upon defendant's request for production, to inspect the personnel records of federal law enforcement officers who will testify at trial, for material information regardless of whether the defense has made a showing of materiality.  (ECF No. 130 at 1−2.)  However, the Government notes that it is not under a duty to review the personnel files of state law enforcement witnesses because those files are not "under its control."  *See United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992).  The Court agrees that the "prosecution is under no obligation to turn over materials not under its control." *Id.*  Thus, the Court GRANTS Defendant's motion (ECF No. 121) and hereby orders the Government to provide Defendant with the requested documentation pertaining to the personnel records of federal law enforcement officers who will testify at trial.

    IT IS SO ORDERED.

Dated:  August 9, 2013

Troy L. Nunley
United States District Judge