UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASEN LYNN DU SHANE,<br><br>Defendant. | No. 2:11-CR-00476 TLN<br><br><br><br>**ORDER** |

Pursuant to the numerous motions filed by the United States (hereinafter referred to as "the Government") and Defendant Jasen Lynn Du Shane (hereinafter referred to as "Defendant") the Court orders the following:

### I.  **Defendant's Trial Brief**

In Defendant's Trial Brief (ECF No. 162), he makes the following requests: First he asserts that pursuant to the best evidence rule, "a picture of the item in a room, or elsewhere should be excluded if the item is not produced" and asks this Court to do so. (ECF No. 162 at 4.) The Court DEFERS ruling on the admissibility of such evidence until it is presented in the course of trial. Second, Defendant requests that Lori Brown not be excluded from the courtroom pursuant to Federal Rule of Evidence 615. (ECF No. 162 at 4.) The Court GRANTS Defendant's request. Third, Defendant requests that the Court take judicial notice of the fact that Defendant left Las Vegas, Nevada, on March 16, 2011. (ECF No. 162 at 5.) This request is

DENIED. Should Defendant request that the Court take judicial notice of the fact that Defendant was in custody during a certain time frame, the Court would entertain such a request subject to a motion to strike for relevance. Finally, Defendant's suggestion that the Court employ a "shock belt" on Defendant throughout the trial to necessitate "smoother side bars" is DENIED. (ECF No. 162 at 5.) Shock belts have been found to increase anxiety and in turn impact a defendant's demeanor. *See Gonzalez v. Pliler*, 341 F.3d 897, 901 (9th Cir. 2003). As such, the Court finds that its use is unnecessary and inappropriate.

## II.     Government's Motions

The Government moves in limine for an order prohibiting Defendant from introducing at trial any evidence not disclosed within a reasonable time prior to trial pursuant to Federal Rule of Criminal Procedure 16(b). (ECF No. 138.) The Court DEFERS ruling on this matter until such time as it can determine the appropriate course of action as it relates to the proffered evidence.

The Government also moves in limine for an order excluding improper impeachment of witness Manda Wentzloff. (ECF No. 143.) The Court GRANTS IN PART and DENIES IN PART the Government's motion. To the extent that Defendant tries to inquire into criminal activity that did not result in a conviction, i.e., a citation, such inquiries are improper pursuant to Federal Rule of Evidence 609. Thus, Defendant may only use convictions to impeach witnesses. However, the Court finds that some of the questioning complained of by the Government may be probative of the witness's character for truthfulness under Federal Rule of Evidence 608. "A district court has broad discretion to limit the scope and extent of cross-examination, but only so long as the jury has before it sufficient information to make a discriminatory appraisal of the witness's possible biases and motive for testifying falsely in favor of the government." *United States v. Mohamed*, 410 F. Supp. 2d 913, 916 (S.D. Cal. 2005) (citing *United States v. Dudden*, 65 F.3d 1461, 1469 (9th Cir. 1995)). Thus, the Court will allow such inquiries only to the extent that they are probative of the witness's truthfulness or relevant to show bias.

### III. Defendant's Motions

Defendant has filed a motion concerning the Government's request to admit his prior conviction for 1028A Aggravated Identity Theft (Case 3:09-cr-0016 LRH-VPC 2009) under Federal Rule of Evidence 404(b). (ECF No. 123.) The Court DENIES Defendant's motion because it agrees with the Government's contention that Defendant's prior conviction is admissible to prove identity. In its opposition, the Government alleges that Defendant employed the same modus operandi in his past conviction as was used in the conduct at issue. Specifically, the Government alleges that Defendant "goes around and steals an astounding amount of mail in a short period of time. When he determines through reading the mail that an individual is away from the house or on vacation, the defendant burglarizes the house, steals the individual's identifying documents, takes over their bank accounts and credit cards, and starts spending. He also creates fake identification documents in the names of his victims." (ECF No. 149 at 3.)

The Ninth Circuit considers the following factors in determining whether evidence of prior bad acts is admissible under Federal Rule of Evidence 404(b): whether "(1) the evidence tends to prove a material element of the offense charged, (2) the prior act is not too remote in time, (3) the evidence is sufficient to support a finding that the defendant committed the other act, and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004). The facts involved in Defendant's past conviction closely mirror the facts that are alleged here and are admissible to show both modus operandi and identity. As such, the prior "bad act" is admissible pursuant to Rule 404(b), and the Court finds that its probative value is not substantially outweighed by a danger of unfair prejudice. Furthermore, should the Court find it necessary, it will issue a limiting statement and instruct the jury accordingly.

Defendant also moves this Court to suppress certain statements made by him to Deputy Grotke because Defendant was not read his *Miranda* rights. (ECF No. 124.) According to Deputy Grotke's Supplemental Incident Report, she participated in the arrest of Defendant and transported him to the Nevada County Jail. She also transported him to a hospital for a medical evaluation. On the way to the hospital, Defendant told her that he had a stick "stab" him in the

1  eye during the early morning, but did not say how the incident occurred.  While at the hospital,
2  Defendant spontaneously asked Deputy Grotke, "How is Manda doing?"  She asked Defendant
3  who "Manda" was, and he responded that she was his girlfriend that "he was with the night
4  before."  The Deputy then informed him that Manda was fine and in custody.

5        The government does not oppose Defendant's motion as to Defendant's statement
6  that "he had a stick 'stab' him in the eye during the early morning" or that Manda Wentzloff was
7  Defendant's "girlfriend."  (ECF No. 148.)  However, the government opposes suppression of
8  Defendant's spontaneous question to Deputy Grotke: "How is Manda doing?"  (ECF No. 148.)

9        For *Miranda* rights to apply, a defendant must be both in custody and subjected to
10  interrogation.  *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  In the instant case, Defendant was
11  in custody, but was not being interrogated.  As such, Defendant's *Miranda* rights did not attach.
12  *See Rhode Island v. Innis*, 446 U.S. 291, 297 (1980).  Moreover, spontaneous or volunteered
13  confessions of a suspect in custody are admissible despite the absence of a prior *Miranda*
14  warning.  *See United States v. Sherwood*, 98 F.3d 402, 409 (9th Cir. 1996).  Therefore, the Court
15  DENIES Defendant's request to suppress his question to Deputy Grotke concerning Manda's
16  welfare.

17        Defendant has moved this Court in limine to restrict the Government's case in
18  chief to its disclosed exhibit list because Defendant is relying on this exhibit list to present his
19  defense.  (ECF No. 154.)  The Court DENIES Defendant's request and declines to determine at
20  this time whether additional undisclosed evidence will be appropriate.

21        Defendant filed a Request for the Court to Return Money (ECF No. 165),
22  contending that the $1,380.00 seized by Nevada County District Attorney is the remaining portion
23  of a $1,800 jackpot won on June 3, 2013, and not the proceeds of a fraudulent check.  The Court
24  liberally construes this request as a Motion for Return of Property pursuant to Federal Rule of
25  Criminal Procedure 41(g).  For the Court to decide this issue it must receive the necessary
26  evidence.  The Court has not been provided such evidence at this time and thus DENIES
27  Defendant's motion.

28        Defendant requests this Court to hold Sacramento County Jail in contempt,

1   alleging that Officers Kaselic, Fitzgerald and Scolfield have prevented Defendant from making
2   necessary legal phone calls. (ECF No. 166.) Defendant filed a grievance with the jail. The jail
3   found that Defendant was given his calls when he requested them and noted that such requests
4   may not be granted immediately due to other inmate's needs. Thus, the Court hereby DENIES
5   Defendant's motion.

6   Defendant has also requested that the Court order the Government to instruct its
7   witnesses not to discuss subjects that refer to inadmissible evidence, his past criminal history, or
8   his time in jail while testifying. (ECF No. 167.) Defendant's motion is GRANTED IN PART.
9   The Court has ruled that Defendant's past conviction is admissible under 404(b). However, the
10  admission of this conviction in no way authorizes witness testimony further concerning these
11  matters. As such, witnesses shall not refer to these matters while testifying unless the relevance
12  of such testimony can be shown. Furthermore, to the extent that this Court has already ruled on
13  such matters or does so in the future, the Court hereby admonishes the Government to instruct
14  their witnesses accordingly.

15  Finally, Defendant has moved the Court to exclude the potential eye witness
16  identifications of Beth Mills and Brandon Salazar. (ECF No. 153.) The Government has filed a
17  statement of non-opposition to Defendant's motion. (ECF No. 185.) Thus Defendant's motion is
18  GRANTED.

19  The following outstanding motions and/or requests shall be heard on Monday,
20  August 26, 2013: (1) Defendant's Motion to Exclude/Suppress Wire Tap Provided by Tom
21  Swisher (ECF No. 108); (2) Defendant's Motion to Dismiss for Vagueness (ECF No. 112); (3)
22  Defendant's Motion in Limine to Exclude New Discovery Items (ECF No. 152); (4) Defendant's
23  Motions to Dismiss for Prosecutorial Misconduct (ECF Nos. 155; 168); (5) Defendant's Motion
24  to Continue (ECF No. 175); and (6) the Government's Motion for Reconsideration (ECF No.
25  176).

26  IT IS SO ORDERED.

27  Dated: August 23, 2013

28

5

Troy L. Nunley
United States District Judge