UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASEN LYNN DU SHANE,<br><br>Defendant. | No.  2:11-CR-476 TLN<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL** |

On September 3, 2013, a jury found Defendant Jasen Du Shane ("Defendant") guilty of one count of possession of stolen mail, one count of access device fraud, and one count of aggravated identity theft.  (ECF No. 236).  Defendant filed a motion for a new trial on November 25, 2013, over two months after the verdict.  (ECF No. 249.)  The Government opposes Defendant's motion as untimely.  (ECF No. 252.)

The Court agrees with the Government and finds that Defendant's motion is untimely. Federal Rule of Criminal Procedure 33(b)(1) sets forth the timeline for filing a motion for new trial as follows:

> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> (2) Other Grounds. Any motion for a new trial grounded on any

1

reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Defendant has not presented any new evidence. Thus, his motion is governed by subsection (2). As previously referenced, Defendant was adjudged guilty on September 3, 2013, but did not file his motion for a new trial until November 25, 2013. (*See* ECF No. 249.) Consequently, because the Government objects to the timeliness of Defendant's motion, it is time barred. *See Eberhart v. U.S.*, 546 U.S. 12, 19 (2005) (holding that a court may not grant a postverdict motion under Federal Rules of Criminal procedure 29, 33, and 45(b)(2) when the prosecutor objects).

Moreover, even if this Court were to consider Defendant's motion as timely, Defendant's arguments fail. In his motion, Defendant reasserts arguments made to the Court prior to Defendant's trial. Specifically, Defendant argues that he was not given timely access to a "black binder" that the Government used in its case in chief, and that he was not allowed to call witnesses at the trial. (ECF No. 249.)

Defendant's assertions lack merit. First, the issue as to whether Defendant was allowed access to the "black binder" was addressed prior to trial, and Defendant was given access to such information. As to Defendant's second contention, the Court issued numerous subpoenas on behalf of Defendant. (*See* ECF Nos. 206–211; 215–220.) Defendant proceeded pro se and chose not to call witnesses. As such, he cannot use his own tactical decision as a reason for a new trial. *See United States v. Trapnell*, 512 F.2d 10, 12 (9th Cir. 1975) (holding that by choosing to represent one's self, the defendant takes a substantial risk and waives any claims that his Sixth Amendment rights have been violated").

For the foregoing reasons, Defendant's Motion For New Trial (ECF No. 249) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: January 23, 2014

Troy L. Nunley
United States District Judge