UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>JASEN DU SHANE,<br><br>                    Defendant. | No.  11-cr-00476 TNL<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Defendant Jasen Du Shane ("Defendant") moves this Court to reconsider its Order (ECF No. 256) denying Defendant's motion for return of property. (*See* Mot. for Reconsideration, ECF No. 261 at 1.)  In his motion, Defendant repeats the same arguments that he posed in the original motion with the exception that Defendant now argues that this Court has improperly entered a judgment of forfeiture.[1]

Defendant is mistaken. The Court's order did not enter a judgment of forfeiture. (*See* ECF No. 256.) Instead, it held that the government met its burden to retain the funds in question under Federal Rule of Criminal Procedure 41(g) because the Nevada County Sheriff's Office and the Nevada County Superior Court have cognizable claims of ownership or rights to possession of the money that are adverse to Defendant's interest. Accordingly, Defendant's forfeiture-related

---

[1] Because the Court has already addressed most of Defendant's arguments in its previous Order (ECF No. 256), it incorporates the reasons set forth within and declines Defendant's invitation to revisit these arguments.

1

argument is not relevant.

Moreover, Defendant concedes that to the extent he is the true owner of the money in question, nearly all of the money in question should be used to pay restitution in this case. (*See* ECF No. 261 ("Mr. DuShane will agree however that the money could go to paying current restitution on this case pursuant to the Victim's [sic] and Witness Protection Act of 1982. Mr. DuShane agrees to $1,498.00. The remainder ($102.00) to go back to him.").) The government asserts (Gov't Opp., ECF No. 265 at 2), and the Court agrees, that to the extent Defendant is determined to be the owner of the money in question, he will also be ordered to pay a $300 mandatory special assessment resulting from his convictions in this case. Thus, even if the Nevada County Sheriff's Office and the Nevada County Superior Court did not have cognizable claims, Defendant would not be owed a refund after the mandatory special assessment is assessed.

For the foregoing reasons, and those stated in this Court's previous Order (ECF No. 256), Defendant's motion for reconsideration (ECF No. 261) is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated: January 23, 2014

Troy L. Nunley
United States District Judge