UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-CR-476 TLN |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO MODIFY PROBATION** |
| JASEN LYNN DU SHANE, | |
| Defendant. | |

This matter is before the Court pursuant to Defendant Jasen Du Shane's ("Defendant") Motion to Modify Probation. (ECF No. 260.) The Government has filed an opposition to Defendant's motion. (ECF No. 262.) The Court has carefully considered the arguments presented by both parties and for the reasons set forth below denies Defendant's motion.

**I.  Factual Background**

On October 13, 2009, Defendant pled guilty to Aggravated Identity Theft in violation of 18 U.S.C. § 1028A in the U.S. District Court for the District of Nevada. *See United States v. Dushane*, No. 3:09-cr-00016-LRH(VPC) (judgment attached to the Government's Opposition in this case at ECF No. 262-1). The Nevada Court sentenced Defendant to two years in prison and imposed a one-year term of supervised release, which, in part, required Defendant to "not commit another federal, state, or local crime." (ECF No. 262-1 at 3–4.) Defendant's supervised release commenced on October 5, 2010. (ECF No. 262-1 at 8.)

1

Defendant violated the conditions of his supervised release, admitted his violations, and on May 3, 2011, the district court in Nevada conducted a revocation hearing. (See ECF No. 262-1 at 12.) That court granted both Defendant's request to continue the sentencing on the revocation of supervised release to September 20, 2011, and Defendant's request to reside in the residential treatment program at the New Bridge Foundation for six months. The judge also ordered "that defendant shall obey all terms and conditions of supervised release as previously ordered." (Order, May 3, 2011, No. 3:09-cr-00016-LRH(VPC) (D. Nev.), (available on this Court's docket at ECF No. 262-1.) Subsequently, two petitions were filed by the U.S. Probation Office for the District of Nevada to revoke Defendant's supervised release (one on May 11, 2011 and another on May 18, 2011). In addition, Defendant was arrested by the Nevada County Sheriff's Office for several state law violations, and on October 4, 2011, he pleaded guilty in Nevada County case #SF11-183A to one felony count of evading a police officer and two felony counts of first degree residential burglary.[1]

While Defendant was serving the sentence imposed by the Nevada County Superior Court, the federal government applied for, and received from this Court, a writ of habeas corpus ad prosequendum to secure Defendant's presence to face the federal indictment filed in this case. (*See* ECF Nos. 16-17.) The government sought the writ upon Defendant's request made pursuant to the Interstate Agreement on Detainers, 18 U.S.C. Appendix 2. The writ provides that at the conclusion of the proceedings in this Court, Defendant will be returned to the state facility from which he was brought. (ECF No. 17.)

Defendant now seeks relief pursuant to Federal Rule of Criminal Procedure 32.1(a)(1)(B), and asks this Court to terminate his term of supervised release imposed by the district court in the District of Nevada. (ECF No. 260.) He also effectively requests that this Court resolve the outstanding sentencing issues related to the March 18, 2011 petition to revoke his supervised release, which the district judge in the District of Nevada essentially held in abeyance. (ECF No. 260.) Additionally, Defendant requests that this Court, in effect, dismiss the May 11, 2011

---

[1] It is unclear whether the district court for the District of Nevada resolved the petitions to Defendant's supervised release.

petition to revoke his supervised release, and the addendum to that petition, which were filed by the Probation Office in the District of Nevada.  (ECF No. 260.)

## II. Analysis

This Court lacks jurisdiction to hear Defendant's request for relief premised on Rule 32.1(a)(1)(B) because Rule 32.1 generally pertains to "[a] person held in custody for violating probation or supervised release." *See* Fed. R. Crim. P. 32.1(a); s*ee also United States v. Magana-Colin*, 359 Fed. Appx. 837, 838 (9th Cir. 2009) (" [T]he plain language of Rule 32.1 shows that it applies only once a supervised release violator is in custody for the violation.").  Here, Defendant was not arrested for, and is not being held in custody in this district for, violating the conditions of supervised release imposed by the district court in the District of Nevada.  At his prompting, he was brought to this district from another correctional institution through a writ to face a separate federal indictment, and will be returned to that other correctional facility at a later date.  Thus, Defendant's reliance on Rule 32.1 is misplaced.  Moreover, even assuming that this Court has jurisdiction over the matters raised by Defendant, the text of Rule 32.1(a)(1)(B) does not provide for the remedy of modification or termination of a term of supervised release or permit this Court to sentence Defendant for the violations he already admitted in the District of Nevada.

At the close of his motion, Defendant briefly references Federal Rule of Criminal Procedure 32.1(a)(5)(A)(ii) as a basis for relief.  Federal Rule of Criminal Procedure 32.1(a)(5)(A)(ii) addresses proceedings related to supervised release violations conducted in a district court that lacks jurisdiction over the revocation proceedings, and where the violation occurred in the district of arrest.  Under that rule, a district court may, after a preliminary hearing, "dismiss the proceedings and so notify the court that has jurisdiction, if the judge finds no probable cause to believe that a violation occurred."  Fed. R. Crim. P. 32.1(a)(5)(A)(ii).

Again, even assuming that this Court has jurisdiction over this matter, this argument fails.  In regards to the May 18, 2011 petition for which sentencing is pending in the District of Nevada, Defendant admitted violations 1 and 2 of the petition. (See No. 3:09-cr-00016-LRH(VPC) (D. Nev.), Dkt. No. 58.)  These admissions preclude the Court from dismissing those proceedings upon a finding of "no probable cause."  As to the May 11, 2011 petition, the Court is not in

3

possession of this document and consequently cannot determine that the violations within occurred in this district.

Finally, Defendant's motion suggests in passing that imposition of a separate sentence for his new conviction and his supervised release violations "would be redundant and not in the interests of justice." (ECF No. 260 at 2.) Defendant's assertion is contrary to Ninth Circuit precedent. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) ("The idea behind that punishment scheme is that the violator should be punished both for breaching the court's trust and for the new criminal conduct, as each act is separately and distinctly offensive.")

### III. Conclusion

In sum, the Court cannot grant the relief sought by Defendant. For the foregoing reasons, Defendant's Motion to Modify Probation (ECF No. 260) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: January 31, 2014

_____
Troy L. Nunley
United States District Judge