UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASEN LYNN DU SHANE,<br><br>Defendant. | No. 2:11-CR-476 TLN<br><br>ORDER DENYING DEFENDANT'S EX PARTE REQUESTS FOR ISSUANCE OF SUPOENAS DUCES TECUM PURSUANT TO FED. R. CRIM. P. 17(c) |

## **INTRODUCTION**

The above-titled action is before the court on defendant Du Shane's various ex parte requests for issuance of subpoenas duces tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. Those requests are accompanied by defendant's request that the applications and orders in response thereto be filed under seal. Defendant Du Shane is proceeding in pro per in this criminal prosecution, with the assistance of standby legal counsel. On September 3, 2013, a jury returned a verdict of guilty as to all three counts of the indictment charging the defendant with (1) possession of stolen mail in violation of 18 U.S.C. § 1708; (2) possession of more than 15 unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3); and (3) aggravated identity theft in violation of Title 18 U.S.C. § 1028A(a)(1). Defendant filed a motion for judgment of acquittal as to counts two and three which the district court denied on October 2, 2013. Defendant filed a motion for reconsideration of the denial, which was denied on February 14,

2014. Defendant also filed a motion for a new trial which was denied by the district court on January 23, 2014.  Sentencing is currently set for March 13, 2014.

By his ex parte requests, dated February 3, 2014, defendant Du Shane seeks the issuance of 17(c) subpoenas for the production of various records:

1. All account records for gerdatraub@aol.com regarding password changes between May 2011 and July 2011;[1]
2. Any records regarding "Fast Eddie," including photos, his real name, and his date of birth; and
3. The transcript for the Marsden hearing in Nevada County case #SF11-183A regarding Ms. Wentzloff.

**SEALING REQUST**

Defendant Du Shane cites United States v. Tomison, 969 F. Supp. 587, 595 (E.D. Cal. 1997), for the proposition that the filing of the requests ex parte and under seal is appropriate to protect a defendant from revealing his trial strategy.  This is an accurate description of Tomison's holding, but inapplicable to defendant's situation as he has already been convicted, and has lost his motion for a new trial. Defendant argues that the court should permit the issuance of the 17(c) subpoenas, however, under the language of the statute which provides that "the court may direct the witness to produce the designated items before trial or before they are to be offered in evidence." Fed. R. Crim. 17(c) (emphasis added). Defendant asserts that he needs the requested information "to use…for further investigation and for preparation for a new trial and for sentencing."[2]

Given the post-trial posture of his requests, the court cannot find anything in the defendant's application demonstrating good cause for the filing of these requests ex parte, let alone under seal.  See United States v. Aguilar, No. CR 07-0039 SBA, 2007 WL 4219370, at *13

---

[1] Defendant does not request any personal information regarding the account.

[2] Defendant neglects to mention that the district court has already considered, and rejected, his motion for a new trial.  ECF 271.

1  (N.D. Cal. Nov. 28, 2007) (denying application for an order allowing ex parte, under seal motion
2  for a 17(c) subpoena where no showing of good cause for permitting ex parte, under seal filings
3  had been demonstrated). Indeed, during the course of this litigation, another magistrate judge of
4  this court has denied similar requests by the defendant, even before trial.  ECF No. 177.
5  Accordingly, defendant's request to proceed ex parte and under seal as to these subpoena requests
6  will be denied.

## STANDARD

"A subpoena duces tecum is the vehicle for securing production of documents and things at a specified time and place either before or after the time of trial.[3]"  United States v. Beckford, 964 F.Sup. 1010 at 1017 (E.D.Va. 1997).  Such a subpoena may be issued for a sentencing proceeding.  See United States v. Krane, 625 F.3d 568 (9th Cir. 2010).  This right is not unfettered, however:

> In such situations, the party seeking production must show: (1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of due diligence; (3) that the party seeking production cannot properly prepare for post-trial motions or sentencing without advance inspection; and (4) that the application is made in good faith and is not simply intended as a general "fishing expedition."

Id. at 574, quoting United States v. Winner, 641 F.2d 825, 833 (10th Cir. 1981), citing United States v. Nixon, 418 U.S. 683, 699-700 (1974).

/////

/////

/////

---

[3] See 25 James Wm. Moore, *et al.,* Moore's Federal Practice § 617.03 at 617–11 (3rd Ed.1997). The subpoena may require the designated production to be made either *at trial* ("trial subpoena duces tecum") or *before trial* ("pre-trial subpoena duces tecum"). Documents, of course, may be produced at court proceedings other than trials. 2 Wright, Federal Practice and Procedure: Criminal 2d § 271 at 134 ("[Rule 17] is not limited to subpoena for the trial. A subpoena may be issued for a preliminary examination, a grand jury investigation, a deposition, for determination of an issue of fact raised by a pretrial motion, or for subpoena motions.") (citations omitted); *see, e.g. United States v. Florack,* 838 F.Supp. 77 (materials to be subpoenaed in connection with a pre-trial suppression hearing).

REQUESTED SUBPOENAS

1. <u>All account records for gerdatraub@aol.com regarding password changes between May 2011 and July 2011</u>

Defendant Du Shane seeks information from aol regarding password changes between May and July, 2011, for the email account gerdatraub@aol.com. Although not entirely clear from his request, it appears that defendant believes that such information might cast doubt on the credibility of his co-defendant Ms. Wentzloff, who testified against him at trial. Apparently Ms. Wentzloff has said that it was defendant Du Shane who hacked into email account at issue, and defendant disputes this. Thus he seeks records from aol to impeach Ms. Wentzloff.

Defendant fails to demonstrate, however, how the records would be relevant or material, in that even if the records were to show password changes, there is no indication that such records would document who made the changes, or that defendant did not direct Ms. Wentzloff to change the passwords at his direction. Further, there is no indication that defendant Du Shane just discovered Ms. Wentzloff's claims; although the court is not privy to the discovery in this matter, a review of the government's trial brief clearly set forth Ms. Wentzloff's version of events well before trial began. ECF No. 142. Defendant's request for a subpoena is denied.

2. <u>Any records regarding "Fast Eddie," including photos, his real name, and his date of birth</u>

This request was addressed and denied by order issued August 9, 2013. ECF 133. As the magistrate judge previously observed, "defendant provides no factual basis, let alone a substantial foundation, for his belief that the individual known as 'Fast Eddie' could be considered an alternate suspect or third-party perpetrator in this case. Accordingly there is no basis for the conclusion that evidence regarding 'Fast Eddie' would be admissible. <u>See United States v. Reed</u>, 726 [F.2d 570] at 576-77 [(9th Cir. 1984)]." Defendant has presented nothing to alter the analysis, and the court declines to revisit the issue. Defendant's request for a subpoena is denied.

/////

/////

4

1     3. <u>Transcript for the Marsden[4] hearing regarding Ms. Wentzloff</u>

2    Defendant asserts that the transcript for the <u>Marsden</u> hearing which apparently occurred in

3 Ms. Wentzloff's state case, Nevada County #SF11-183A, would support his contention that she

4 was being coerced into saying that defendant Du Shane was involved when in fact he was not.

5     As noted in previous rulings on defendant's requests for Rule 17(c) subpoenas, under

6 Federal Rule of Evidence 608(b), extrinsic evidence is inadmissible to prove a witness' character

7 for untruthfulness. <u>See</u>, ECF No. 133. Nothing precluded defendant Du Shane from cross-

8 examining Ms. Wentzloff about any prior statements she might have made that he was not

9 involved, but extrinsic evidence would not have been admissible then, nor is it now. Because this

10 request for a subpoena seeks inadmissible material, it will be denied.

11 <u>CONCLUSION</u>

12    For the reasons set forth above, IT IS HEREBY ORDERED that:

13    1. Defendant's Request for an Order Authorizing a Rule 17(c) Subpoena Duces Tecum

14        for aol for records concerning password changes between May and July, 2011 for

15        email account gerdatraub@aol.com is denied;

16    2. Defendant's Request for an Order Authorizing a Rule 17(c) Subpoena Duces Tecum

17        for the Auburn Parole Department, Auburn, California, for records relating to "Fast

18        Eddie," is denied;

19    3. Defendant's Request for an Order Authorizing a Rule 17(c) Subpoena Duces Tecum

20        for Nevada County Superior Court records relating to a <u>Marsden</u> hearing in case

21        #SF11-183A is denied.

22    4. Defendant's requests to proceed ex parte and under seal in connection with his

23        requests for the issuance of Rule 17(c) subpoenas for information as listed above is

24        denied; and

25    5. The Clerk of the Court is directed to file the materials submitted to the court by

---

[4] "<u>Marsden</u>" refers to <u>People v. Marsden</u>, 2 Ca.3d 118 (1970) which established the California procedure by which a trial court should inquire when a defendant asserts that he/she wishes to obtain a new attorney based on alleged ineffective representation.

defendant Du Shane in connection with these three requests for the issuance of Rule 17(c) subpoenas in the court's public file in this action.

Dated: February 19, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE