UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>JASEN LYNN DU SHANE,<br><br>             Defendant. | No.  2:11-cr-00476 TLN<br><br>**ORDER** |

Defendant Jasen Lynn Du Shane ("Defendant") has been convicted by a jury of (1) possession of stolen mail, (2) possession of more than fifteen unauthorized access devices, and (3) aggravated identity theft. (ECF No. 236.) This matter is before the Court pursuant to two motions filed by Defendant: Defendant's Motion for Rule 16 Discovery Order (ECF No. 298) and Defendant's Motion for a new Trial (ECF No. 301).[1] Plaintiff United States of America ("Government") has filed a response to Defendant's Motion for Discovery (ECF No. 303) and an opposition to Defendant's motion for a new trial (ECF No. 307).  For the reasons set forth below, Defendant's motions are hereby DENIED.

---

[1] Defendant also filed a Motion moving this Court to order additional time in the prison law library in order to to prepare his motions. (Mot. for New Order and Proposed Order, ECF No. 295.) Because Defendant has already filed his motions, he no longer requires additional law library time and his pending motion (ECF No. 295) is therefore DENIED AS MOOT.

1

**Defendant's Motion for Rule 16 Discovery (ECF No. 298)**

In Defendant's Motion for Rule 16 Discovery, he moves this Court to order the Government to produce: (1) police report in regards to the burglary that occurred in the summer of 2013 at the residence of G.T. and J.T. in Nevada City, CA; (2) the police report in regards to the burglary in the summer of 2013 that occurred at Bitnay Springs Road, Nevada City, CA, at the home of S.D. and M.G.; and (3) various records pertaining to whether there was authorization given to the U.S. Marshals and the Sacramento County District Attorney's Office regarding a "Notice of Detainer pursuant to the Interstate Agreement on Detainers." (ECF No. 298.) Defendant asserts that he is entitled to these documents pursuant to Rule 16 and *Brady* and *Giglio*. (ECF No. 298.)

In response, the Government asserts that they are not in possession of the police reports Defendant seeks and have supplied a "Memorandum of Interview" detailing the information that Nevada County Sheriff Deputy Tim Strong gave them concerning these matters. (ECF No. 303-1.) The Government further states that the records for authorizations of various writs as well as internal emails related to Defendant's presence in court are irrelevant to Defendant's defense and thus not discoverable. (ECF No. 303 at 2.)

Defendant seeks disclosure on several legal grounds: *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972) and Rule 16 of the Federal Rules of Criminal Procedure. Under *Brady's* constitutional mandate, the Government "is obligated by the requirements of due process to disclose material exculpatory evidence on its own motion, without request." *Carriger v. Stewart*, 132 F.3d 463, 479 (9th Cir. 1997). Under *Giglio*, the Government's obligation to disclose exculpatory evidence was expanded to include information that could be used to impeach Government witnesses. *See Giglio*, 405 U.S. at 154–55. The Ninth Circuit has held that the question of whether information is in the "possession, custody or control" of the Government for purposes of Rule 16(a)(1)(E) turns on "whether the United States Attorney had 'knowledge of and access to' the documents." *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Brian*, 868 F.2d 1032, 1036 (9th Cir. 1989)).

Here, Defendant has not made the requisite showing that the Government is in possession

1    of information concerning the alleged burglaries.  Moreover, as discussed below concerning
2    Defendant's Motion for a New Trial, Defendant has not shown that these documents are in fact
3    material.  As to Defendant's request concerning internal records related to securing Defendant's
4    presence in court, in *United States v. Armstrong*, 517 U.S. 456, 462 (1996), the Supreme Court
5    considered the parameters of Rule 16 and ruled that defendants are entitled to the discovery of
6    only those materials that are relevant to the defendant's response to the Government's case in
7    chief.  Thus, under *Armstrong*, Defendant is entitled to the discovery of only those materials
8    relevant to the charges of possession of stolen mail, possession of more than fifteen unauthorized
9    access devices or aggravated identity theft.  As such, Defendant's motion to compel records
10   related to securing Defendant's presence are not within the scope of Rule 16 and Defendant's
11   motion is hereby DENIED.

### **Defendant's Motion for a New Trial (ECF No. 301)**

13        Defendant has moved this Court to order a new trial on Count One of the Indictment for
14   possession of stolen mail in violation of 18 U.S.C. § 1708 pursuant to *Brady* and Federal Rule of
15   Criminal Procedure Rule 33(b)(1).  (ECF No. 301 at 1.)  The crux of Defendant's motion is that a
16   burglary of G.T. and J.T's residence that occurred after Defendant's incarceration constitutes
17   exculpatory evidence and that the Government was aware of this exculpatory evidence and failed
18   to disclose it in violation of *Brady*.  Defendant also asserts that failure to disclose this information
19   also violated the *Jencks* Act.

20        In its opposition, the Government states that it learned of the burglary at issue during the
21   course of a brief conversation preceding a pre-trial interview with government witness
22   G.T..  At that time, G.T. told the Government that she had recently been the victim of a burglary.
23   The Government asserts that no additional information was conveyed and that the Government
24   did not believe this information to be relevant to Defendant's case.  As such, the Government
25   contends that its failure to disclose this information does not constitute a *Brady* violation because
26   this evidence was irrelevant.  (ECF No. 307 at 2.)  This Court agrees.

27        A true *Brady* violation includes the following three components: "the evidence at issue
28   must be favorable to the accused, either because it is exculpatory, or because it is impeaching;

that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). The Government concedes that the information was not disclosed to Defendant. Thus the second component is not at issue. Accordingly, the Court limits its discussion to the first and third components.

"Evidence is favorable to the accused under *Brady* if it has either exculpatory or impeachment value." *United States v. Olsen*, 704 F.3d 1172, 1181 (9th Cir. 2013). Defendant claims that the fact that G.T. and J.T.'s residence was burglarized two years after the burglary connected to his guilty verdict is favorable to him. Essentially, Defendant argues that the later burglary is exculpatory because he was in custody at the time it occurred and that the person who committed the 2013 burglary is the same person that committed the 2011 burglary associated with his case. In support of his assertion, he makes allegations concerning a third-party whom he refers to as "Fast Eddie" and his co-defendant and ex-girlfriend Manda Wentzloff  The Defendant also asserts that burglaries are not common in the area where G.T. and J.T.'s residence is located. (ECF No. 301 at 3–6.)

The Court does not find Defendant's allegations persuasive. According to Nevada County Sheriff Deputy Timothy Strong, there were approximately 125 burglaries in Nevada County in the Summer of 2013. (ECF No. 303-1). Furthermore, other than the location of the burglary, there is no indication that the two crimes are related at all. Defendant's claims that Manda Wentzloff, or her associate, must have committed the burglary are void of any facts that support her connection with this crime. Therefore, the Court finds that Defendant's assertion to the contrary is entirely speculative and that Defendant has failed to show that this evidence was favorable to him.

Finally, the Court also finds that Defendant cannot establish the third component because Defendant cannot show that suppression of the evidence was material or prejudicial. "Suppressed evidence is material if 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *Gonzalez v. Wong*, 667 F.3d 965, 982 (9th Cir. 2011) (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)). "The touchstone

of materiality review is whether the admission of the suppressed evidence would have created a 'reasonable probability' of a different result." *United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (quoting *Kyles*, 514 U.S. at 434). "In order for evidence of another suspect to be admissible, 'there must be direct or circumstantial evidence linking the third person to the actual perpetration of the crime.'" *Coleman v. Calderon*, 150 F.3d 1105, 1117 (9th Cir. 1998) (overruled on other grounds, 525 U.S. 141 (1998)) (quoting *People v. Hall*, 41 Cal.3d 826, 833, (1986)); *see also Spirko v. Anderson*, No. 3:95CV7209, 2000 WL 1278383 at *7–*8 (N.D. Ohio July 11, 2000) *aff'd*, 368 F.3d 603 (6th Cir. 2004) (applying the holding from *Coleman v. Calderon*, that a failure to disclose information regarding other suspects did not constitute a *Brady* violation in light of a lack of evidence linking them to the "actual perpetration of the crime").

Here, Defendant has failed to show any connection between the 2011 and 2013 burglary other than the fact that the same house was burglarized. The 2011 burglary resulted in identity theft and a subsequent crime spree committed using the victim's car. In contrast, the 2013 burglary involved stolen "miscellaneous ornaments and items of that nature." (ECF No. 303-1.) Furthermore, there was "no identity theft as a result of this burglary, no clothes were taken, no computers were taken, no food was consumed, and no vehicles of the victims were stolen." (ECF No. 303-1.) Thus, the 2013 burglary was remote in time and different in kind.

Further the Court notes that Defendant makes passing statements throughout his motion as to "additional newly discovered evidence." However, at no point does Defendant allege facts that would satisfy the standard for a new trial pursuant to Rule 33. To do so, Defendant would have to satisfy a five-part test which requires: (1) evidence which must be newly discovered; (2) that the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal. *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991). Defendant has failed to show that the "new evidence" concerning the 2013 burglary is material to his case let alone show that the evidence would probably result in a new trial. As such, Defendant's Motion for a New Trial (ECF No. 301) is DENIED.

5

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant's Motion for New Order and Proposed Order concerning additional law library time (ECF No. 295) is DENIED AS MOOT;
2. Defendant's Motion for Rule 16 Discovery (ECF No. 298) is DENIED; and
3. Defendant's Motion for a New Trial (ECF No. 301) is DENIED.

IT IS SO ORDERED.

Dated: April 25, 2014

Troy L. Nunley
United States District Judge