UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN LYNN DUSHANE, | No. 2:11-CR-00476-TLN-CKD (P) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Movant, a federal prisoner proceeding through counsel, filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] In his motion, movant challenges his federal conviction on one count of possessing stolen mail, one count of possessing counterfeit or unauthorized access devices, and aggravated identity theft. As grounds for relief, movant alleges that he was denied the effective assistance of appellate counsel and that newly discovered evidence demonstrates his innocence on count two. Respondent filed an opposition (ECF No. 366), and movant filed a reply (ECF No. 367). For the reasons discussed herein, the undersigned recommends denying movant's 28 U.S.C. § 2255 motion as the claims are either patently

---

[1] Although movant filed the pending § 2255 motion pro se, counsel filed a memorandum of law in support of the motion on September 11, 2017 as well as a reply brief. While counsel's memorandum in support labeled it as an "amended § 2255 motion," all of the pro se claims in the original § 2255 motion were briefed and no motion to amend was filed by counsel. Therefore, the original § 2255 motion remains the operative pleading in this case.

1

frivolous or fail on the merits.

**I.    Factual and Procedural Background**

Following a five-day jury trial during which movant represented himself, he was convicted of possessing stolen mail, possessing more than 15 unauthorized access devices, and aggravated identity theft. On May 1, 2014, movant was sentenced to a total term of 168 months which included the statutory maximum sentence on two counts and 24 months imprisonment on the remaining count.[2] The Ninth Circuit Court of Appeal affirmed movant's conviction in an unpublished memorandum decision issued on November 20, 2015. See United States v. DuShane, 623 Fed. Appx. 332 (2015).

**II.    Legal Standards**

A district court may grant relief to a federal prisoner who challenges the imposition or length of his sentence on the grounds that: "the sentence was imposed in violation of the Constitution or laws of the United States, … the court was without jurisdiction to impose such sentence, … the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…." 28 U.S.C. § 2255(a). However, a Section 2255 motion cannot be used to relitigate a claim that has already been raised and rejected on direct appeal. See Olney v. United States, 433 F.2d 161, 162 (9th Cir. 1970).

Movant alleges that he was denied the effective assistance of appellate counsel. The Supreme Court has enunciated the standards for judging ineffective assistance of counsel claims. See Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine, whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id. Second, a

---

[2] It appears that the only reason movant did not receive the statutory maximum sentence on count one is because it was reduced by 36 months as credit for time served on a state court conviction for evading a peace officer. ECF No. 346 at 4-5, 12-13 (sentencing transcript); see also U.S.S.G. § 5G1.3(b).

2

defendant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985); United States v. Schaflander, 743 F.2d 714, 717-718 (9th Cir. 1984) (per curiam).

The Strickland standard applies equally to appellate counsel as well as trial counsel. Smith v. Murray, 477 U.S. 527, 535–36 (1986); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). However, an indigent defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751-52 (1983) (emphasizing that an experienced attorney knows the importance of "winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues"). Appellate counsel is not deficient for failing to raise a weak issue. See Miller, 882 F.2d at 1434. In order to establish prejudice resulting from appellate counsel's failure to raise an issue on appeal, movant must demonstrate that, but for counsel's errors, he probably would have prevailed on appeal. Id. at 1434 n. 9.

Regarding movant's claim that appellate counsel should have raised his competency to waive counsel and represent himself at trial, the Supreme Court made clear in Faretta that criminal defendants have the right to represent themselves at trial in order to protect "'the right of the accused personally to manage and conduct… [their] own defense in a criminal case.'" Faretta, 422 U.S. at 817 (citations omitted). In so doing, the high court recognized that a pro se defendant "may conduct his own defense ultimately to his own detriment." Faretta, 422 U.S. at 834. Good decision making is not the cornerstone of a defendant's competency to waive counsel. Criminal defendants must "knowingly and intelligently" waive their right to counsel and the record should affirmatively establish that such defendants know what they are doing and are making the choice "with eyes open." Faretta, 422 U.S. at 835.

/////

**II.     Analysis**

In his first two claims for relief, movant asserts that newly discovered evidence from his co-defendant, Manda Wentzloff, demonstrates his actual innocence for possessing more than 15 unauthorized access devices. Based on this newly discovered evidence, movant raises a free-standing actual innocence claim as well as a separate due process and fair trial challenge to his conviction on count two.[3] However, movant failed to submit any "newly discovered evidence" from his co-defendant and conceded that he merely "wish[ed]" Ms. Wentzloff would provide exculpatory evidence even though she testified against him at trial.[4] ECF No. 367 at 22. Absent actual evidence demonstrating movant's innocence of claim two, these challenges to his conviction are patently frivolous and should be denied. The undersigned recommends denying the actual innocence as well as the due process and fair trial challenges to count two because they are completely conclusory and are contradicted by the record evidence in this case. See James v. Borg, 24 F.3d 20 (9th Cir. 1994) (finding that completely conclusory habeas claims do not warrant relief).

In his third claim for relief movant alleges that his appellate lawyer was ineffective for failing to argue that the 26 credit card statements used to support his conviction on count two were insufficient because they did not contain expiration dates and security codes, thus rendering them unusable to obtain any item of value. ECF No. 354 at 8; see also 18 U.S.C. § 1029(e) (defining an access device as one that can be used, "alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds…."). However, movant's opening brief filed in the Ninth Circuit Court of Appeal belies this assertion. See ECF No. 366-1 at 16-19. Appellate counsel specifically argued that:

---

[3] To the extent that movant is attempting to characterize his own affidavit as the evidentiary underpinning of his actual innocence claim, the court finds that his own affidavit does not constitute "newly discovered evidence" since he represented himself at trial and knew at the time of trial what he acknowledges in the affidavit. See ECF No. 354 at 17-19. Movant cannot assert with any shred of credibility that he withheld evidence from himself at trial.

[4] Movant further concedes in his § 2255 motion that "Wentzloff stands by her testimony at trial and is not retracting any portion or recanting any testimony." ECF No. 354 at 5.

4

> [A] credit card statement does not contain the expiration date of the credit card or the security number found on the credit card itself. You cannot use a credit card statement at an ATM or store because you are required to produce the actual credit card; and you cannot use a credit card statement on-line or over the telephone because the credit card statement does not have the full account number, the credit card expiration date, or security number found on the credit card itself. In other words, a credit card statement is not capable of providing the holder, even with use of another access device, with money, goods, services, or any other thing of value."

ECF No. 366-1 at 18. This was part of appellate counsel's sufficiency challenge to count two of the indictment and consequently, it has been raised and rejected by the Ninth Circuit. See United States v. DuShane, 623 Fed. Appx. at 332 (finding that a rational trier of fact could have found sufficient evidence beyond a reasonable doubt "based on evidence that DuShane had obtained 26 full credit card account numbers, and on Wentzloff's testimony regarding DuShane's subsequent use of these numbers.") (internal citations omitted). This claim is barred from being relitigated on federal habeas review. See United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985); see also United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979) (emphasizing that "[t]he fact that the issue may be stated in different terms is of no significance.").

To the extent that movant also alleges that his appellate counsel was ineffective for failing to file a petition for rehearing in the Ninth Circuit Court of Appeal, he concedes in his reply brief that he had no Sixth Amendment right to counsel to file a discretionary petition. See ECF No. 367 at 2 (stating that "DuShane did not have the right to counsel for the petition for rehearing…."); see also Ross v. Moffitt, 417 U.S. 600 (1974) (refusing to extend the assistance of counsel to discretionary appeals to state supreme court or to certiorari review). Since he had no constitutional right to counsel, he had no right to the effective assistance of counsel in filing a petition for rehearing. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982). This claim should therefore be denied.

In his fourth and sixth claims for relief, movant alleges that his appellate counsel was ineffective for not challenging his sentence on appeal. Specifically, movant asserts that appellate counsel should have challenged the district court's loss calculation of between $120,000 and $200,000. ECF No. 354 at 9. Movant argues that "the correct amount of intended loss was much

less than $120,000, and the enhancement for loss amount should have been less than 10, which would have reduced the advisory Guidelines range…." ECF No. 354 at 9. Additionally, in his last claim for relief, movant contends that appellate counsel was ineffective for not challenging the reasonableness of his sentence. Movant argues that his sentence was greater than necessary to accomplish the statutory goals of sentencing and the district court's three-level upward variance was not adequately supported. ECF No. 354 at 15.

Both ineffectiveness claims fail for lack of prejudice under the Strickland standard. 466 U.S. at 668. In light of the judge's statements at sentencing that movant is "just a crime spree waiting to happen," there is no reasonable probability that the court of appeal would have vacated his sentence or otherwise granted any relief. See ECF No. 346 at 12 (sentencing transcript). Specifically, the court emphasized at sentencing that:

> [T]he factors within 18 U.S.C. 3553(a) weigh in favor of imposing the maximum statutory sentence…. [Movant] "did not just steal the victims' names and credit cards, but instead fully assumed their identities. He stole two of their cars as well as belongings from multiple residences. Furthermore, the history and characteristics of the [movant] also support an upward variance. The [movant]'s criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood the defendant will commit other crimes.

ECF No. 346 at 11. On this record, there is no reasonable probability that appellate counsel's challenge to any portion of the advisory Sentencing Guidelines or the reasonableness of movant's sentence would have resulted in a different outcome on appeal. See United States v. Booker, 543 U.S. 220, 264 (2005) (severing as unconstitutional the mandatory provision of the Sentencing Reform Act and concluding that district courts have the discretion to depart from the federal Sentencing Guidelines); United States v. Todorovic, 503 Fed. Appx. 540, 542 (9th Cir. 2013) (affirming non-guideline sentence as substantively reasonable based on the trial judge's emphasis that the advisory guidelines did not "really encapsulate what this case is about."); Cf. Molina-Martinez v. United States, 136 S. Ct. 1338 (2016) (noting that on plain error review "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist."). The record demonstrates that the sentencing court relied primarily on the statutory factors enumerated in 18 U.S.C. § 3553(a) rather than the advisory Guidelines.

Thus, any change to the intended loss calculation in the advisory Guidelines would not have changed movant's ultimate sentence.[5] Furthermore, in light of movant's background and criminal history described in the Presentence Investigation Report, which movant does not dispute, the district court fully supported its decision to sentence movant to the statutory maximum on each count, except for a 36 month reduction on count one for time served on a separate state court conviction. ECF No. 346 at 12-13 (sentencing transcript); see also ECF No. 263 (sealed Presentence Investigation Report). Movant has failed to demonstrate that appellate counsel's performance was prejudicial in light of the evidence at sentencing supporting an upward variance. In fact, movant does not even argue in his reply brief that appellate counsel's performance was prejudicial for failing to challenge the reasonableness of the sentence. This omission is noteworthy because movant has the burden of persuasion. There is no reasonable probability that his sentence would be vacated on appeal based on his substantial prior record which was under-represented by the criminal history category of the advisory Sentencing Guidelines. See Strickland, 466 U.S. at 697; see also Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002). The district court's sentencing determination was reasonable and fully supported by the record evidence. For all these reasons, the undersigned recommends denying movant's ineffective assistance of appellate counsel claims concerning sentencing issues based on lack of prejudice under Strickland.

Lastly, the court turns to movant's claim that appellate counsel was ineffective for failing to appeal "the district court's ruling that wrongly grant[ed] DuShane permission to represent himself." ECF No. 354 at 15. Movant emphasizes that prior to the Faretta hearing, he had attempted suicide and his appointed attorney had filed a request for a psychiatric evaluation. ECF No. 364 at 21. However, before accepting movant's waiver of his right to counsel, the district court asked his appointed lawyer about this mental health history. ECF No. 352 at 8-9. In

---

[5] Moreover, the sentencing court followed United States v. Santos, 527 F.3d 1003 (9th Cir. 2008), and determined that "[t]he intended loss amount was calculated by adding the total amount of the checks that were found in three locations under the defendant's control, two stolen vehicles and a motel room in Reno." ECF No. 346 at 7; Santos, 527 F.3d at 1008 (concluding that "[a]bsent evidence to the contrary, the district court may reasonably infer that the participants in a counterfeiting scheme intend to take as much as they know they can.").

7

response, defense counsel informed the court that:

> Mr. DuShane was moved from Nevada County to Sacramento County as a result of an allegation that he had an attempted escape in Nevada County. At that time, he went on a hunger strike, at least according to the Sacramento County Sheriff's Department, and he was placed on a suicide watch, and he was also given some kind of medications which made it very difficult for him to talk and think. I saw that was the case, and he really wasn't able to communicate all that well at that time. But then he went off of the medication, and he's pretty much back to normal at this point. So I never followed up and had him evaluated because that was obviously the result of the medications that he was under at the time.

ECF No. 352 at 9. The court conducted a thorough colloquy into the asserted bases upon which movant now relies to suggest that his waiver of the right to counsel was not knowingly made. There is no indication that movant suffered from any mental illness that rendered him incompetent to waive his right to counsel. Respondent properly points out that defense counsel's statements during the Faretta hearing demonstrate that movant's suicide attempts were more connected to his failed escape attempt than an underlying mental illness that rendered him incompetent. ECF No. 366 at 16. While the Honorable Lawrence K. Karlton found movant "literate and competent" to waive his right to counsel, he emphasized that movant's ultimate decision to do so was "nuts." ECF No. 352 at 10-11 (transcript of February 26, 2013). The court then clarified that while movant's waiver of counsel was knowingly made in the sense that "[h]e understands what's going on, and he understands he's about to commit himself to a process which he can't win…. [H]e's entitled to hang himself if he chooses to…." ECF No. 352 at 11; see also United States v. Johnson, 610 F.3d 1138 (9th Cir. 2010) (commenting that although the defendants were "fools" for representing themselves at trial, that is "not the same as being incompetent"). Even after being warned of the dangers of self-representation, movant persisted in his request to represent himself and now faults his appellate counsel for not challenging his competency to do so.

However, movant's ineffective assistance of appellate counsel claim fails based on lack of prejudice. There is no evidence in the record upon which the Ninth Circuit could rely to conclude that the district court erred in accepting movant's waiver of his right to counsel. See Dixon v. Ryan, 932 F.3d 789 (9th Cir. 2019) (finding no Sixth Amendment violation when attorney chose

not to challenge capital murder defendant's competency to waive his right to counsel even though the attorney knew about the defendant's mental health history); see also Johnson, 610 F.3d at 1140 (stating that under both Faretta and Edwards, the[] [defendants] had the right to represent themselves and go down in flames if they wished, a right the district court was required to respect."). Accordingly, appellate counsel's decision to not raise this claim did not prejudice movant. He is therefore not entitled to any relief on this claim.

For the reasons explained above, the files and records of this case conclusively demonstrate that movant is not entitled to relief. See 28 U.S.C. § 2255(b). Furthermore, the issues raised in movant's § 2255 motion do not warrant an evidentiary hearing as the allegations are "palpably incredible, patently frivolous," or can be decided based on the existing record. See Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia–Mesa, 153 F.3d 925, 929 (9th Cir.1998) (noting that a "district court has discretion to deny an evidentiary hearing on a Section 2255 claim where the files and records conclusively show that the movant is not entitled to relief").

Accordingly, IT IS HEREBY RECOMMENDED that movant's motion to vacate, set aside or correct his sentence be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 15, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/dush0476.f&R.docx