UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:11-cr-00476-TLN |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| JASEN LYNN DUSHANE, | |
| Defendant. | |

This matter is before the Court on Defendant Jasen Lynn Dushane's ("Defendant") Amended Motion to Reduce Sentence. (ECF No. 413.) Also before the Court is Brian McComas's Request to Withdraw as Defense Counsel. (ECF No. 414.)

On September 3, 2013, Defendant was found guilty by jury trial of (1) possession of stolen United States mail in violation of 18 U.S.C. § 1708; (2) possession of more than 15 unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3); and (3) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 236.) On May 1, 2014, the Court sentenced Defendant to imprisonment for a term of 24 months as to Count 1, 120 months as to Count 2, and 24 months as to Count 3, all to run consecutively, for a total term of 168 months. (ECF No. 316.) On February 20, 2024, Defendant, proceeding *pro se*, filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 413.) On March 6,

2023, Brian McComas filed a notice indicating that he would not be supplementing Defendant's motion and requesting leave to withdraw from this case. (ECF No. 414.)

The Court concludes Defendant fails to show he is entitled to a sentence reduction for three reasons. First, Defendant has not provided evidence showing that he has exhausted his remedies as required by 18 U.S.C. § 3582(c)(1)(A). Second, Defendant has not shown extraordinary or compelling reasons for his release. Defendant asserts (1) he has had mental health issues for the last decade that have gone untreated while in custody; (2) his mother is declining and he wishes to spend time with her while she still remembers him; (3) he has completed thousands of hours of treatment and programming while in custody; (4) he was assaulted by a federal officer in April 2023; and (5) he received points for being on supervised release which can no longer be counted against him.[1] (*Id.* at 9–10.) Defendant fails to provide any evidence to support his assertions, and the Court finds these unsubstantiated assertions are insufficient to constitute extraordinary and compelling reasons for release. Third, while the Court commends Defendant for his completing courses and working toward self-improvement while in prison, Defendant fails to persuade the Court that the 18 U.S.C. § 3553(a) factors warrant a sentence reduction from Defendant's well-supported, 168-month sentence.

For the foregoing reasons, the Court DENIES Defendant's motion. (ECF No. 413.) As Defendant is no longer entitled to counsel in the matter, the Court also GRANTS Brian McComas's Request to Withdraw as Defense Counsel. (ECF No. 414.)

IT IS SO ORDERED.

Date: May 1, 2024

Troy L. Nunley
United States District Judge

---

[1] The Court previously found retroactively applying Amendment 821's change to the "status point" provision for offenses committed while on supervised release would not change Defendant's criminal history category or the resulting guideline range. (ECF No. 412.) Therefore, Defendant is not entitled to a reduction on this basis. *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").