UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASEN LYNN DUSHANE,<br><br>Defendant. | No. 2:11-cr-00476-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendant Jasen Lynn Dushane's ("Defendant") Motion to Reduce Sentence. (ECF No. 416.) The Government did not file an opposition.

On September 3, 2013, Defendant was found guilty by jury trial of (1) possession of stolen United States mail in violation of 18 U.S.C. § 1708; (2) possession of more than 15 unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3); and (3) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 236.) On May 1, 2014, the Court sentenced Defendant to imprisonment for a term of 24 months as to Count 1, 120 months as to Count 2, and 24 months as to Count 3, all to run consecutively, for a total term of 168 months. (ECF No. 316.) On May 12, 2025, Defendant, proceeding *pro se*, filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 416.)

The Court concludes Defendant fails to show he is entitled to a sentence reduction for three reasons. First, Defendant has not provided evidence showing that he has exhausted his

1  remedies as required by 18 U.S.C. § 3582(c)(1)(A).  Second, Defendant has not shown
2  extraordinary or compelling reasons for his release.  Defendant asserts he has completed 86% of
3  his sentence and is scheduled to be placed in a Residential Re-entry Center ("RRC") on January
4  28, 2026.  (ECF No. 416 at 1.)  Defendant argues release to home or home confinement would be
5  better than RRC Placement.  (*Id.*)  Defendant also asserts he earned credits that the Bureau of
6  Prisons is not allowing him to apply and has completed extensive programming while in custody.
7  (*Id.*)  Lastly, Defendant argues his mother has Alzheimer's and his father has cancer.  (*Id.*)
8  Defendant does not provide any evidence as to his parent's health conditions or that he is the only
9  available caregiver.  As to Defendant's arguments about RRC Placement and his
10  programming/credits, Defendant fails to persuade the Court that those constitute extraordinary
11  and compelling reasons for release.  Third, while the Court commends Defendant for his
12  completing courses and working toward self-improvement while in prison, Defendant fails to
13  persuade the Court that the 18 U.S.C. § 3553(a) factors warrant a sentence reduction from
14  Defendant's well-supported, 168-month sentence.
15       For the foregoing reasons, the Court DENIES Defendant's motion.  (ECF No. 416.)
16       IT IS SO ORDERED.
17  Date: June 6, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE